### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

STEVEN AUDETTE                                                                               PETITIONER
*REG #47584-074*

V.                          CASE NO. 2:25-cv-00015-BSM-JTK

CRAIG STALHOOD, Acting Warden[1]                         RESPONDENT
FCI – Forrest City, AR

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

### I. INTRODUCTION

Steven Audette ("Audette") is an inmate at the Federal Correctional Institution in Forrest City, Arkansas. He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Arizona. (Doc. No. 1) That district court transferred

---

[1] Because Audette is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "Craig Stalhood, Acting Warden of FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, it is recommended that the Clerk of the Court be directed to change Respondent to "Craig Stalhood, Acting Warden of FCI – Forrest City, Arkansas."

the case to this District in the interest of justice, stating that "[a] § 2241 petition must be filed in the district court having jurisdiction over the petitioner's custodian." (Doc. No. 3)

After review, the undersigned recommends that Audette's habeas petition be dismissed without prejudice for lack of jurisdiction and that all of his pending motions—Motions to Appoint Counsel (Doc. Nos. 5, 8) and Motion for Order (Doc. No. 11)—be denied as moot.

## II.     BACKGROUND

On March 24, 2016, a jury in the District of Arizona convicted Audette of one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349 and 90 counts of wire fraud under 18 U.S.C. § 1343. *See United States v. Audette*, No. 2:14-cr-00858-SPL-1 (D. Ariz. June 17, 2014) (Crim. Doc. No. 209). The facts underlying the convictions involved an extortion scheme in which Audette obtained millions of dollars from victims by stating that he needed to pay federal agents to protect him and his family from the Italian Mafia. *See United States v. Audette*, 923 F.3d 1227, 1230 (9th Cir. 2019). He promised to repay the victims after informing them that he was a relative to Lucky Luciano and that he would inherit millions of dollars. *Id.* He told the victims that he, his family, and the victims would be killed if the victims refused to loan him the money. *Id.* Evidence revealed that he fabricated the entire story to swindle the victims out of millions of dollars over the course of several years. *Id.*

The district court initially sentenced Audette to 240 months' imprisonment, *id.* at 1231, but the United States Court of Appeals for the Ninth Circuit ordered resentencing after reversing ten of the wire fraud convictions based on insufficient evidence. *Id.* at 1241. The district court resentenced Audette to 210 months' imprisonment. *See Audette*, No. 2:14-cr-00858-SPL-1 (Crim. Doc. No. 584). In 2023, the Ninth Circuit affirmed the resentencing. *United States v. Audette*, No. 22-10053, 2023 WL 5013042 (9th Cir. Aug. 7, 2023).

In June 2024, Audette filed an amended motion to vacate his conviction pursuant to 28 U.S.C. § 2255, in which he seeks either a new trial or an acquittal and immediate release. *See Audette v. United States*, No. 2:24-cv-00102-SPL (D. Ariz. Jan. 8, 2024) (Civ. Doc. No. 7). That motion is still pending before the District of Arizona. He also filed the pending § 2241 habeas petition in that district on January 21, 2025, which it transferred to this Court. (Doc. Nos. 1, 3, 4)

In his pending § 2241 habeas petition, he requests this Court to overturn his convictions and sentence. (Doc. No. 1) He further seeks immediate release based on new evidence. He alleges that the Government lacked "an active, valid and viable arrest warrant, resulting in [the] absence of in persona jurisdiction." *Id*. He asserts that his due process rights under the Fourth, Fifth, and Fourteenth Amendments were violated. *Id*.

**III.   DISCUSSION**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must [summarily] dismiss the petition." *See* R. 4, R. Governing § 2254 Cases in the U.S. Dist. Ct. (applicable to § 2241 petitions under R. 1(b)). It plainly appears that Audette is not entitled to habeas relief in this Court.

Typically, issues concerning the legality of a federal conviction and its respective sentence must be brought in the sentencing court through a motion to vacate, set aside, or correct under 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Because a petition or motion pursuant to § 2255 attacks the validity of the conviction or sentence, it is an extension of or an additional step in a movant's criminal case, and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

Here, Audette's current § 2241 habeas petition challenges the validity of his convictions and sentence, which is proper before the District of Arizona, where he was actually convicted and sentenced. He filed a motion to vacate his convictions and sentence pursuant to § 2255 in that district court. *See Audette,* No. 2:24-cv-00102-SPL (Civ. Doc. No. 7). That motion, however, is still pending. He also challenged his convictions through direct appeals, which were reviewed by the Ninth Circuit.

This Court does not have jurisdiction to hear claims challenging a conviction and sentence under § 2241 unless the petitioner has affirmatively demonstrated that the § 2255 remedy "'is inadequate or ineffective to test the legality of [his] . . . detention.'" *DeSimone*, 805 F.2d at 323 (omission in original) (quoting § 2255). The "inadequate or ineffective" remedy exception is sometimes called the "savings clause" because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *Abdullah*, 392 F.3d at 959. Furthermore, the petitioner bears the burden of proving that § 2255 would be inadequate or ineffective in addressing his habeas claims. *Id.*

Precedent from the United States Court of Appeals for the Eighth Circuit states that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

On that basis, Audette has not demonstrated that his prior attempt at § 2255 habeas relief was inadequate or ineffective to test the legitimacy of his convictions and detention. In fact, Audette's latest § 2255 habeas petition is still pending before his sentencing court. As in his § 2241 petition before this Court, he also alleges in his § 2255 petition that law enforcement conducted an illegal, warrantless arrest that resulted in the sentencing court having no personal jurisdiction, which then led to an unlawful trial, conviction(s), sentence, and incarceration. His claim is properly before the District of Arizona, and he must wait for that court to render a decision. Thus, he is not entitled to proceed under § 2241 in this Court because he cannot show that § 2255 is inadequate or ineffective as to his illegal arrest claim. Consequently, this Court lacks subject matter jurisdiction over Audette's § 2241 petition.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT Audette's petition (Doc. No. 1) be **DENIED**, his petition be **DISMISSED** without prejudice, and his pending motions also be **DENIED** and **DISMISSED** as moot. (Doc. Nos. 5, 8, 11).

DATED this 6th day of March, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE